UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,               No.  1:06-CR-98

v.                               Hon.  Robert Holmes Bell
                                      Chief Judge

DAVID LOGAN FROEDE,

        Defendant.
_____/

## PLEA AGREEMENT

This constitutes the plea agreement between David Logan Froede and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.    <u>The Defendant Agrees to Plead Guilty</u>. The Defendant agrees to plead guilty to the Information, which charges the Defendant with mail fraud, in violation of Title 18, United States Code, Section 1341, a Class D felony.

2.    <u>The Defendant Understands the Crime</u>. In order for the Defendant to be guilty of violating Title 18, United States Code, Section 1341, the following must be true:

    a)    the defendant knowingly devised a scheme to defraud;

    b)    the defendant executed the scheme to defraud;

    c)    the scheme concerned a material fact;

    d)    the scheme involved the use of the United States Postal Service to further the scheme; and,

    e)    the defendant acted with an intend to deprive the victim of money and property.

The Defendant is pleading guilty because he is guilty of the charge described above.

3. <u>The Defendant Understands the Penalty</u>. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1341, is the following: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 and a mandatory special assessment of $100. The Defendant agrees to pay the special assessment at or before the time of sentencing.

The Defendant understands that he will be required to pay full restitution to the victims of the offense. In this case, the parties believe restitution has been paid in full.

4. <u>The United States Attorney's Office Agrees</u>.

a. The U.S. Attorney's Office agrees not to oppose the Defendant's request for a reduction of his offense level for acceptance of responsibility under §3E1.1 of the Sentencing Guidelines, provided the Defendant satisfies the criteria for such a reduction.

b. The U.S. Attorney's Office agrees not to oppose the defendant's request that the sentencing court consider a downward departure or a sentence outside of the final sentencing guideline range based on the defendant's extraordinary payment of restitution, his early cooperation with law enforcement and his post-offense conduct, provided that the sentence imposed falls within a Sentencing Guideline range of not less than 10.

5. <u>The Sentencing Guidelines Apply</u>. The defendant understands that his sentence shall be imposed under the United States Sentencing Guidelines ("Sentencing Guidelines"). The defendant understands that the Court, with the aid of the pre-sentence report, will determine the facts and calculations relevant to sentencing. The defendant understands that he and his attorney will have the opportunity to review the pre-sentence report and to make objections, suggestions,

and recommendations concerning the calculation of her guideline range and the sentence to be imposed. The defendant further understands (1) that the Sentencing Guidelines are "advisory" and are not mandatory; (2) that the Court shall make the final determination of the guideline range that applies in this case; (3) that in certain situations the Court may depart from the guideline range, and (4) that the sentence imposed is within the sole discretion of the Court. The defendant further understands that disagreement with the guideline range or sentence shall not constitute a basis for withdrawal of the plea.

6. <u>Waiver of Constitutional Rights</u>. By pleading guilty, the Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the Defendant would have had the
following rights:

    a. The right to the assistance of counsel, including, if the Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the Defendant.

    b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove the Defendant guilty beyond a reasonable doubt.

    c. The right to confront and cross-examine witnesses against the Defendant.

    d. The right, if the Defendant wished, to testify on the Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    e. The right not to be compelled to testify, and, if the Defendant chose not to testify or present evidence, to have that choice not be used against the Defendant.

By pleading guilty, the Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

7.     <u>The Court is not a Party to this Agreement</u>.  The Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  The Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement.  The Defendant understands that no one – not the prosecutor, the Defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence the Defendant will receive, except that it will be within the statutory maximum.

8.     <u>This Agreement is Limited to the Parties</u>.  This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority.  This agreement applies only to crimes committed by the Defendant.  This agreement does not apply to any pending forfeiture proceedings, and shall not preclude any past, present, or future civil or forfeiture actions.

9.     <u>This is the Complete Agreement</u>.  This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties.  No other promises have been made, nor may any additional agreements,

understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

MARGARET M. CHIARA
United States Attorney

05/30/06
Date

MICHAEL A. MACDONALD
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

05/08/06
Date

DAVID LOGAN FROEDE
Defendant

I am David Logan Froede's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

May 30, 2006
Date

for LARRY WILLEY
Attorney for Defendant

5