UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
* * * * *

UNITED STATES OF AMERICA,

    Plaintiff,                                         Case No. 1:06-CR-98

v.                                                     Hon. Robert Holmes Bell
                                                        Chief Judge

DAVID LOGAN FROEDE,

    Defendant.
_____/

**DEFENDANT FROEDE'S SENTENCING MEMORANDUM AND
MOTION FOR DOWNWARD DEPARTURE AND
<u>SENTENCE BELOW ADVISORY SENTENCING GUIDELINES</u>**

        Defendant Froede submits this memorandum for his sentencing on September 26, 2006 at 8:30 a.m.

        We have reviewed the Presentence Report. We have no objections to the scoring of the sentencing guidelines in the Report. The Report computes a criminal history category of I and a total offense level of 14. This results in a guideline range of 15-21 months.

        Because of the unique facts of this case, we move for a downward departure or a sentence below the advisory sentencing guidelines. The government, recognizing the special features of this case, agrees not to oppose a downward departure or a sentence below the advisory guidelines, so long as the sentence is not below offense level 10. Offense level 10 translates into a Zone B sentencing range of 6-12 months and offers the options of probation and home detention. U.S.S.G. § 5B1.1(a) and § 5C1.1(c).

DOWNWARD DEPARTURE

Post-offense rehabilitation can justify a downward departure from the guidelines. This was true before *United States v. Booker*, 543 US 220 (2005), *e.g. United States v. Rudolph*, 190 F.3d 720, 722-723 (6th Cir. 1999);[1] *United States v. Chapman*, 356 F.3d 843 (8th Cir. 2004), and it continues to be true after *Booker, e.g., United States v. Hairston*, 127 Fed. Appx 811, 2005 WL 773950 (6th Cir. 2005). To justify a downward departure, the post offense rehabilitation must be "so exceptional that it cannot be considered typical of those circumstances in which an acceptance of responsibility adjustment is granted." *United States v. Brock*, 108 F.3d 31, 34 (4th Cir. 1997).

In this case, Mr. Froede was given the acceptance of responsibility adjustment under § 3E1.1. However, he has done much more than what is typical for receiving that adjustment, including:

1. Before law enforcement was involved and within a day of his employer's discovery of the thefts, he admitted to his offense and assisted in unwinding his fraud. This saved substantial time, effort and expense for his employer. This cooperation continued even after he was fired.

2. Full restitution was made before law enforcement was involved. Within days of

---

[1] In *Rudolph*, the Sixth Circuit decided the issue of whether <u>post-sentence</u> rehabilitation - - rehabilitation after an original sentence was imposed and before a resentencing following an appeal - - justified a downward departure when it was exceptional or extraordinary. The Court concluded that such a departure was available, largely because the guidelines did not forbid it. Effective November 1, 2000, the guidelines now forbid <u>post-sentencing</u> rehabilitation as a basis for a downward departure. U.S.S.G. § 5K2.19. In *Rudolph*, the Court noted that courts consistently have permitted <u>post-offense</u> rehabilitation, but had split on whether post-sentencing rehabilitation was permitted. *United States v. Rudolph, supra*, 190 F.2d at 722-723.

    the discovery of his theft, Mr. Froede made complete restitution with interest to the Kramer account.  Indeed, after this restitution was made, Mr. Froede made an additional payment of $20,000.00 in response to a civil lawsuit by Mr. Kramer.  Thus, Mr. Kramer has received more than his actual losses.

3. Mr. Froede, with no promises of leniency, met with federal law enforcement and admitted in detail to his fraudulent activities.  This meeting was in 2003, three years before the charges here.

4. After his offense, Mr. Froede surrendered his financial licenses and began a job basically working as a laborer at a landscaping company at an hourly wage.  He continues to work for the same company, now in the Chicago area where his family moved to accommodate his wife's employment.

Based on the above, we ask for a downward departure from the guidelines.  We submit that Mr. Froede's efforts go well beyond the typical circumstances for the acceptance of responsibility adjustment.

## SENTENCE BELOW THE ADVISORY GUIDELINES

In fashioning a reasonable sentence, the Court looks to the seven factors described in 18 U.S.C. § 3553(a), factors that even from the government's perspective support a Zone B, offense level 10 sentence.  Mr. Froede's complete and immediate restitution, his full cooperation with his ex-employer and the government, and his post-offense efforts to develop a new and productive life also support a sentence below the advisory guidelines of 15-21 months.

Recently the Sixth Circuit in *United States v. Davis*, No. 05-3784, decided August 14, 2006(6th Cir.), reversed a sentence below the advisory guidelines after the government appealed

a one day jail sentence for a defendant in a bank fraud case that resulted in a loss of $900,000. The advisory guideline range for the defendant was 30-37 months. The District Court based its sentence on the defendant's age and the long delay between the offense and the defendant's sentencing. The Sixth Circuit agreed that the District Court had the discretion to sentence below the advisory guidelines but reversed because it found the variance to one day in jail to be excessive and remanded for a new sentence. An important ground for its decision was that the sentence was "the most extreme variance possible, leaving no room to make reasoned distinctions between Davis's variance and the variances that other, more worthy defendants may deserve." *Id.*, slip opinion at p. 7. In identifying "more worthy defendants," the Court stated: "Consider the possibilities for other defendants in this area: those who paid restitution; those who accepted responsibility for the crime and showed remorse for committing it, and those who used the time between the commission of the crime and sentencing to engage in other acts demonstrating rehabilitation." *Id.*

In *Davis,* the defendant did none of those possibilities. He declared bankruptcy and made no restitution at all; he went to trial and refused to accept personal responsibility; and he showed no remorse even after the long delay. In contrast, Mr. Froede falls squarely in the Sixth Circuit's description of "more worthy defendants" category. He made full restitution; he has accepted full responsibility and shown true remorse for his conduct; he has cooperated fully; and he has used the delay between the crime and sentencing to rehabilitate his life.

Considering the factors in § 3553, the history and characteristics of Mr. Froede are positive. He has no prior criminal record; he is employed; he is a devoted father and a kind, decent person. The nature and circumstances of the offense are serious because theft is a serious

4

offense.  Mitigating this factor, and still part of the circumstances of the offense, is Mr. Froede's full restitution and cooperation that eliminated the losses.  The factors regarding the need for the sentence and avoiding unwarranted disparity are best left to the Court.  The government itself apparently believes that a sentence to Zone B, Offense Level 10, satisfies these factors.  Mr. Froede does not present a danger of future criminal acts and factor 7, restitution, is a positive for Mr. Froede.  Finally, the factor of general deterrence is addressed by the fact that Mr. Froede has been prosecuted, despite his restitution and cooperation and he is a convicted felon and has lost all his professional licenses.

      Mr. Froede is deeply ashamed of his criminal conduct and the weakness it revealed.  He comes from an excellent family and he married into a similar impressive family.  His shame sometimes prevents him from fully communicating with those closest to him.  His marriage has been strained although his devotion to his daughter has been consistent.  He was concerned about asking others to write letters on his behalf because he did not want to bother them or involve them in this criminal process.  In his mind, it was bad enough that they had to help him in making restitution.

      Nevertheless, defense counsel himself contacted the families to request letters and they were quickly forthcoming.  In making these calls, defense counsel learned that Mr. Froede's father, Dr. Richard C. Froede, is a well-known forensic pathologist who served in the Air Force for many years in that capacity and later at the University and public levels. We have attached as Exhibit A the letter from defendant's parents as well as Dr. Froede's biographic sketch that was sent to defense counsel at counsel's request.  We have attached as Exhibit B the letter from James and Nancy Gould, the father and mother-in-law of defendant.  Although not identified in

the letter, Mr. Gould has been a well-respected attorney in this area for many years.  As Exhibit C, we have attached the letter from William J. Ewald, the attorney who represented defendant during the government investigation in this matter.  Finally, as Exhibit D, we have attached the letters of Michael and Kathleen Lidgris, the aunt and uncle of defendant's wife, and Susan Gould and James E. Gould, Jr., defendant's sister-in-law and brother-in-law.

In conclusion, we respectfully request a downward departure and a sentence before the advisory guideline of 15-21 months.

Dated: September 18, 2006

Respectfully Submitted,

WILLEY, CHAMBERLAIN & YATES LLP
Attorneys for David Logan Froede

s/ Larry C. Willey
_____
Larry C. Willey (P28870)

40 Pearl Street, N.W., Suite 940
Grand Rapids, Michigan 49503-3032
(616) 458-2212